# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | : | |
| | : | **2:22-cr-010** |
| | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | |
| TODD WILKIN,<br>Defendant. | : | |
| | : | |

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the Court on the United States' Motion for a Preliminary Order of Forfeiture (Doc. #: 19). In support of its motion, the United States asserts that:

In accordance with Rule 32.2 of the Federal Rules of Criminal Procedure, the Information (Doc. #: 2) filed in this action contained a Forfeiture Allegation notifying Defendant Todd Wilkin that upon conviction the conspiracy offense alleged in Count 1 of the Information, he shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and,

As part of the Plea Agreement (Doc. #: 3) filed in this case, Defendant Todd Wilkin agreed to plead guilty to the Information currently pending against him, charging him with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count 1) and Money Laundering, in violation of 18 U.S.C. § 1957 (Count 2). He also agreed, in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), to voluntarily surrender for forfeiture to the United States all of his right, title, and interest in all property, real or personal, constituting or derived from proceeds he acquired as a result of the Conspiracy to Commit Wire Fraud to which he has agreed to plead guilty; and,

On June 30, 2022, Defendant Todd Wilkin entered a Plea of Guilty to the pending charges outlined in the Information in accordance with his Plea Agreement. (*See* Doc. #: 11); and,

As outlined in the Motion for a Preliminary Order of Forfeiture, the United States asserts that to date, it has not identified any specific assets that constitute or were derived from proceeds traceable to Defendant Wilkin's involvement in the wire fraud conspiracy to which he has pleaded guilty that can be forfeited in this case. (*See* Doc. #: 19). Therefore, the United States requests that the Court enter a general Preliminary Order of Forfeiture, in accordance with Rule 32.2(b)(2)(C) of the Federal Rules of Criminal Procedure, ordering Defendant Todd Wilkin to forfeit any property described in 18 U.S.C. § 981(a)(1)(C) which can be amended at a later date when specific forfeitable property is identified; substitute assets are located; and/or the amount of a forfeiture money judgment can be determined.

Therefore, upon consideration of the United States' motion and the record in this case, it is hereby **ORDERED, ADJUDGED, AND DECREED:**

1.      That in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure, Defendant Todd Wilkin shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to the violation of 18 U.S.C. § 1349 as alleged in Count 1 of the Information to which he has plead guilty.

2.      That as provided by Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, if specific property subject to forfeiture under this order is identified, or the amount of forfeiture money judgment is determined, the United States may move to amend this Preliminary Order of Forfeiture to seek forfeiture of such property.

3.	That under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if the United States is able to show that as a result of any act or omission of Defendant Todd Wilkin, the forfeitable property, or any portion thereof:

(a)	cannot be located upon the exercise of due diligence;

(b)	has been transferred or sold to, or deposited with a third party;

(c)	has been placed beyond the jurisdiction of the court;

(d)	has been substantially diminished in value; or

(e)	has been commingled with other property which cannot be divided without difficulty,

the United States may seek forfeiture of any other property of Defendant Todd Wilkin up to the value of the forfeitable property.

4.	That the United States is authorized to conduct any discovery proper in identifying, locating or disposing of the subject property in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

5.	That, in accordance with 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, as forfeitable property is identified, the United States shall publish notice of this Order, or any subsequent orders, and of its intent to dispose of the subject property in such manner as the Attorney General may direct. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

6.	That pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this order, or any subsequent amended order(s), shall become final as to Defendant Todd Wilkin at the time of sentencing and shall be made part of the sentence and included in the judgment.

7.      That the Court shall retain jurisdiction to enforce this Order, and to amend it as

necessary under Rule 32.2(e) of the Federal Rules of Criminal Procedure.

**ORDERED** this 26 day of Oct , 2022.

HONORABLE ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE